UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LLOYD O'CONNOR,   Case No. 19-cv-916

    Plaintiff,   HON. PAUL L. MALONEY

v.

COUNTY OF ST. JOSEPH,
a municipal corporation,
JOSH ALLABACH,
in his individual and official capacities,
jointly and severally,

    Defendants.
_____

| | |
|---|---|
| Marcel S. Benavides<br>Attorney for Plaintiff<br>801 W. 11 Mile Road, Suite 130<br>Royal Oak MI  48067<br>248-549-8555<br>benavideslaw@att.net | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com |
| Matthew S. Kolodziejski<br>Attorney for Plaintiff<br>200 E. Big Beaver Road<br>Troy MI  48083<br>313-736-5060<br>mattkolo@comcast.net | |

_____

## **DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND**

    NOW come Defendants, St. Joseph County and Josh Allabach, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., and in answer to Plaintiff's Complaint state:

JURISDICTION AND VENUE

    1) This is an action for monetary damages brought by the Plaintiff, Lloyd

01038965-1

O'Connor, against Defendants County of St. Joseph and Josh Allabach pursuant to 42 U.S.C. § 1983 and Michigan state law.

**ANSWER:    Defendants do not contest the nature and/or parties of this lawsuit. Defendants deny Plaintiff has a valid cause of action.**

2) This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 28 U.S.C. § 1367(a).

**ANSWER:    Defendants do not contest jurisdiction.**

3) Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in, and a substantial part of the events or omissions giving rise to Plaintiffs claims occurred in, the Western District of Michigan.

**ANSWER:    Defendants do not contest venue.**

4) The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

**ANSWER:    Denied as the same is untrue.**

## PARTIES

5) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-4 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

6) At all times relevant to this Complaint, Plaintiff was and is a resident of the State of Michigan.

01038965-1

**ANSWER:** **Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

7) At all times relevant to this Complaint, Defendant County of St. Joseph was and is an organized municipal corporation existing under the laws of the State of Michigan.

**ANSWER:** **Admitted.**

8) At all times relevant to this Complaint, Defendant Allabach was employed as a sheriffs deputy by Defendant County of St. Joseph.

**ANSWER:** **Admitted Defendant Allabach was employed as a Sheriff's Deputy by St. Joseph County.  As for the remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

9) At all times relevant to this Complaint, Defendant Allabach was acting within the scope and course of his employment and under color of law.

**ANSWER:** **Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

10) Defendant Allabach is being sued in his individual and official capacities.

**ANSWER:** **Plaintiff's allegation states a legal conclusion to which no response is required.  To the extent a response is required, neither admitted nor denied, as Defendant has insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

01038965-1

## GENERAL ALLEGATIONS

11) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-10 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

12) The incident giving rise to this lawsuit occurred on or about November 1,2017 in Park Township, MI.

**ANSWER:    Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

13) On that date Plaintiff and a passenger drove to an address located at 16700 Heimbach Road in Park Township.

**ANSWER:    Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

14) Defendant Allabach was on duty working in his capacity as an undercover police officer for the St. Joseph Sheriff Department.

**ANSWER:    Admitted Defendant Allabach was a Deputy for the St. Joseph County Sheriff's Department.  As to the remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

15) Unbeknownst to Plaintiff, Defendant Allabach was present when Plaintiff arrived at the Heimbach Road location.

01038965-1

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

16) Defendant Allabach was in an unmarked vehicle and wearing civilian clothing that did not identify him as a police officer.

**ANSWER:   Denied as the same is untrue.**

17) When Plaintiff arrived and stopped his vehicle in the parking lot of the location Defendant Allabach suddenly jumped out of his unmarked vehicle.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

18) Defendant Allabach immediately approached Plaintiffs vehicle in a hostile and aggressive manner with his gun drawn and pointed at Plaintiffs vehicle.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

19) Plaintiff was unarmed and in fear for his life.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

20) Plaintiff was unaware that Defendant Allabach was a police officer, and believed that Defendant Allabach was going to harm him.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

21) Due to his fear of being harmed. Plaintiff began to drive his vehicle away from where Defendant Allabach was located.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

22) Without any legal justification, Defendant Allabach fired his handgun at Plaintiff as he was driving away. The bullet struck Plaintiff in his right shoulder.

**ANSWER:   Denied as the same is untrue.**

23) Plaintiff then immediately stopped his vehicle and was arrested.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

24) Plaintiff did not learn that Defendant Allabach was an undercover police officer until he was arrested.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

25) Following the arrest Defendant Allabach created a police report in which he falsely claimed that Plaintiff attempted to strike him with his vehicle as

01038965-1

Plaintiff was driving away. Defendant Allabach further alleged that Plaintiff resisted and obstructed police officers.

**ANSWER:    Denied as the same is untrue.**

26) Defendant Allabach made these false claims in order to justify his own unlawful actions in shooting Plaintiff for no justifiable reason.

**ANSWER:    Denied as the same is untrue.**

27) Based upon the false information provided by Defendant Allabach in his police report. Plaintiff was charged with attempted murder against Defendant Allabach, as well as three counts of resisting and obstructing a police officer.

**ANSWER:    Denied as the same is untrue.**

28) Plaintiff did not resist, obstruct, or attempt to murder or harm Defendant Allabach or any other law enforcement officer who was present.

**ANSWER:    Denied as the same is untrue.**

29) At the time that Defendant Allabach fired his handgun. Plaintiff posed no danger to Defendant Allabach or anyone else.

**ANSWER:    Denied as the same is untrue.**

30) Defendant Allabach intentionally shot Plaintiff as he was driving away in order to seize him and effectuate an arrest.

**ANSWER:    Denied as the same is untrue.**

31) The physical force used by the Defendant Allabach against Plaintiff was clearly excessive.

**ANSWER:    Denied as the same is untrue.**

32) Plaintiff was taken to jail and subsequently charged and arraigned for

01038965-1

attempted murder, three counts of resisting and obstructing a police officer, and possession with intent to deliver narcotics.

**ANSWER:   Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

33) Defendant Allabach caused his police report containing the false allegations against Plaintiff to be sent to the county prosecutor, knowing that his actions would cause the prosecutor to file the false criminal charges against Plaintiff.

**ANSWER:   Denied as the same is untrue.**

34) Defendant Allabach intended to initiate criminal charges of attempted murder and resisting or obstructing a police officer against Plaintiff.

**ANSWER:   Denied as the same is untrue.**

35) Due to Defendant Allabach's unlawful actions and false allegations. Plaintiff was in fact charged with attempted murder and three counts of resisting or obstructing a police officer.

**ANSWER:   Denied as the same is untrue.**

36) Defendant Allabach made, influenced, and/or participated in the decision to prosecute Plaintiff without probable cause to believe that he had committed those crimes.

**ANSWER:   Denied as the same is untrue.**

37) Upon information and belief, during the criminal prosecution the Defendants

01038965-1

withheld and/or destroyed exculpatory evidence from Plaintiff, including, but not limited to, video and audio recordings that contradict Defendant Allabach's version of events as stated in his police report.

**ANSWER:    Denied as the same is untrue.**

38) The criminal charges of attempted murder and resisting or obstructing a police officer were subsequently dismissed against Plaintiff.

**ANSWER:    Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

39) The criminal proceedings with respect to those charges were, therefore, terminated in Plaintiffs favor.

**ANSWER:    Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

40) As a result of the Defendants' unlawful actions Plaintiff suffered significant injuries and damages including, but not limited to, physical pain and suffering, emotional distress, loss of liberty and cherished constitutional rights, and economic damages.

**ANSWER:    Denied as the same is untrue.**

COUNT I

42 U.S.C. § 1983 - EXCESSIVE FORCE

41) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

01038965-1

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-40 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

42) Defendant Allabach acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiffs right to be free from excessive force, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:    Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

COUNT II

42 U.S.C. § 1983 - MALICIOUS PROSECUTION

43) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-42 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

44) Defendant Allabach acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiffs right to be free from the initiation of criminal prosecution without probable

01038965-1

cause that he had committed a crime, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:   Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

COUNT III

42 U.S.C. § 1983 - DUE PROCESS VIOLATION

45) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-44 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

46) Defendant Allabach acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiffs right to due process of law by withholding material exculpatory evidence, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:   Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

COUNT IV

## 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

47) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**ANSWER: Defendants reallege and incorporate by reference their answers to each and every paragraph 1-46 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

48) Defendant County of St. Joseph has established practices, policies, and/or customs which directly and proximately caused the damages suffered by Plaintiff.

**ANSWER:    Denied as the same is untrue.**

49) Defendant County of St. Joseph knew, or should have known, of Defendant Allabach's propensity to violate the rights of individuals in the manner alleged in Plaintiffs Complaint when it hired him and thereafter.

**ANSWER:    Denied as the same is untrue.**

50) Defendant County of St. Joseph has established a practice, policy, and/or custom of inadequately screening and hiring its police officers.

**ANSWER:    Denied as the same is untrue.**

51) Defendant County of St. Joseph has established a practice, policy, and/or custom of improperly training and allowing its police officers to enforce laws in any way they deem fit, without regard to the constitutional rights of individuals, including Plaintiff, to be free from excessive physical force, malicious prosecution, and due process violations.

**ANSWER:    Denied as the same is untrue.**

52) Defendant County of St. Joseph has established a practice, policy, and/or

01038965-1

custom of failing to adequately supervise or discipline its police officers when it was known or apparent that they have previously violated the constitutional rights of individuals in the manner complained of in this lawsuit.

**ANSWER:    Denied as the same is untrue.**

53) By failing to properly, hire, train, supervise, and discipline its police officers. Defendant County of St. Joseph failed to adequately discourage its police officers from violating the constitutional rights of individuals including Plaintiff.

**ANSWER:    Denied as the same is untrue.**

54) As a result of the above described practices, policies, and/or customs, police officers of Defendant County of St. Joseph, including the Defendant Allabach, believed that their actions would not be properly monitored, and that misconduct would not be adequately investigated or sanctioned, but rather that it would be tolerated.

**ANSWER:    Denied as the same is untrue.**

55) In sum, the above-described practices, policies, and/or customs of the Defendant County of St. Joseph demonstrate deliberate indifference towards the constitutional rights of individuals including Plaintiff.

**ANSWER:    Denied as the same is untrue.**

56) The practices, policies, customs, and/or deliberate indifference of the Defendant County of St. Joseph were the moving force behind the constitutional violations that were committed against Plaintiff.

**ANSWER:    Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## COUNT V

## ASSAULT AND BATTERY

57) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-56 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

58) Defendant Allabach intentionally threatened or caused Plaintiff to be threatened with, and to suffer, unnecessary or excessive physical contact.

**ANSWER:    Denied as the same is untrue.**

59) The physical contact inflicted by Defendant Allabach against Plaintiff was malicious and undertaken in bad faith.

**ANSWER:    Denied as the same is untrue.**

60) As a direct and proximate cause of the assault and battery that Defendant Allabach inflicted upon Plaintiff, he sustained injuries and damages.

**ANSWER:    Denied as the same is untrue.**

61) Defendant Allabach's actions were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus he is entitled to exemplary damages.

**ANSWER:    Denied as the same is untrue.**

01038965-1

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-61 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

63) Defendant Allabach acted intentionally and recklessly towards Plaintiff.

**ANSWER:    Denied as the same is untrue.**

64) Defendant Allabach's actions were so outrageous and extreme as to go beyond all possible bounds of decency, and are regarded as atrocious and intolerable in a civilized society.

**ANSWER:    Denied as the same is untrue.**

65) As a direct and proximate result of Defendant Allabach's unlawful actions Plaintiff suffered severe emotional distress.

**ANSWER:    Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## **AFFIRMATIVE DEFENSES**

NOW COME the Defendants and give notice that they may establish by way of motion, at trial or otherwise, the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state claim upon which relief can be granted.

2. Plaintiff's claims against the individual Defendant is barred, in whole or in part, by the doctrine of qualified immunity, as no reasonable officer in the individual Defendant's position would have believed his actions were unlawful.

3. Plaintiff's claims are barred, in whole or in part, by consent, unclean hands, latches and estoppel.

4. Some or all of Plaintiff's alleged injuries were brought about, in whole or in part, through his own misconduct. Therefore, the wrongful conduct rule bars any recovery.

5. Any acts or omissions of Defendants were not the proximate cause of Plaintiff's injuries or damages.

6. Defendants are entitled to good faith immunity because an honest belief existed that their actions (or inactions) were reasonable responses to the totality of the circumstances as they appeared at the time.

7. Some or all of the injuries complained of in Plaintiff's Complaint were caused or contributed to by the acts or omissions of the Plaintiff or others for which Defendants are not legally responsible.

8. If the evidence revealed through discovery supports such an argument, then Defendants reserve the right to contend Plaintiff failed to mitigate his alleged damages.

9. Plaintiff's constitutional claims are barred by the doctrine of qualified immunity for the reason Defendant acted in good faith and in the reasonable performance

of their duties and acted without malicious intent to cause deprivation of constitutional rights and/or injury to Plaintiff.

10. All state law claims of the Plaintiff for damages against Defendants are barred by immunity pursuant to MCL 691.1401 et seq.

11. Defendants are entitled to all rights, privileges and immunities as provided by law.

12. Plaintiff cannot establish a specific violation of a policy, custom or practice of St. Joseph County was the "moving force" of a constitutional violation required by *Monell* and its progeny, and has thus failed to state a claim under 42 U.S.C. § 1983.

13. Plaintiff's claims may be barred by the applicable statute of limitations.

14. Defendants reserve the right to add any other special and/or Affirmative Defenses which may become known through the course of subsequent discovery, investigation and/or trial in the above captioned matter.

## **RELIANCE UPON JURY DEMAND**

Defendants hereby rely upon the Demand for Trial by Jury filed by Plaintiff in the above entitled cause of action.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Attorneys for Defendants
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

01038965-1

Dated: January 14, 2020

01038965-1